HUPP, PLAINTIFF-APPELLANT, *v.* PROTANE CORPORATION, DEFENDANT-APPELLEE.

Ohio Appeals, Seventh District, Monroe County.

No. 369. Decided February 10, 1961.

*Messrs. Burkhart & Ballard*, for plaintiff-appellant.
*Messrs. Sherry & Christy*, for defendant-appellee.

*Per Curiam.* This is an action in negligence charging the defendant with negligently repairing a device for holding two protane gas tanks on the outside of the plaintiff's house.

Numerous witnesses testified, exhibits were admitted, and at the conclusion of plaintiff's case the court directed a verdict in favor of the defendant. From this final order this appeal brings the case before us for consideration.

The evidence is undisputed that the defendant's agent Kirkbride, installed the tank of protane gas at the invitation of the plaintiff and was paid therefor at the completion of his installation.

At the time of the installation it appears that Mr. Kirkbride found a defect in the equipment on the outside of the house, which he attempted to repair. Before repairing the same he turned the gas supply off completely from the house. He then made the repair.

That evening the plaintiff being informed that there was no hot water in the house from the heater went to the basement, lighted a match, put his hand on the red button which was part of the heater, and the plaintiff says he was struck by a ball of fire coming directly from the heater, knocked to the third step of the stairway, severely burned, and required medical treatment for some period of time.

The next day following this explosion the defendant's representatives came to the residence, and testified that they found the red knob that was a part of the heater on the floor of the basement, and from that they concluded, or inferred, that the plaintiff had by his own conduct rendered the heating appliance in connection with this hot water heater defective.

The fact remains that when the gas was installed on the outside of the house Mr. Kirkbride never went into the house at all, did not enter the basement, did not check the lines nor the heater after he had turned the gas off from the entire house, performed his services, and then turned it back on.

These are undisputed facts that were presented in the trial of this case, and it seems to us that these facts should have been resolved by a jury and not by the trial judge in the determination of the question of liability, causation and extent of injury. There were sufficient facts that reasonable inferences could be

drawn, which raised a strong probability that this protane gas coming from the hot water heater had accumulated in that heater following the time when the gas was turned off on the outside and then again turned on without inspection.

Defendant's counsel also argues that the intervening independent act of negligence attributed to the plaintiff in attempting to light the heater is the sole cause of the explosion as a matter of law. This argument is disposed of by reference to *Baldridge* v. *The Wright Gas Co., Inc.*, 154 Ohio St., 452, in which Judge Zimmerman found that the negligence of the plaintiff in a similar case was for the jury.

The trial court was in error in directing a verdict and taking the case from the jury, and the judgment of the court in so doing is reversed and cause remanded for new trial.

GRIFFITH, P. J., DONAHUE and BROWN, JJ., concur.